UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DALISAY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO.: _____ |
| | § | |
| ALL NIPPON AIRWAYS CO., LTD, | § | |
| AND UNITED AIRLINES, INC. | § | |
| | § | |
| Defendants. | § | |

## JOINT NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant United Airlines, Inc. ("United") and Defendant All Nippon Airways Co., LTD. ("ANA") (collectively, United and ANA are referred to herein as "Defendants") give notice to this Court of the removal of Cause No. 2021-11779 from the 164th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, as follows:

**I.**
**BACKGROUND**

1. Jurisdiction exists over this case because complete diversity exists between Plaintiff and Defendants and the Plaintiff seeks damages in excess of $75,000 in Plaintiff's Original Petition ("Original Petition"). See Exhibit D.

2. This is a personal injury action that arises from the allegation that Plaintiff sustained injuries in Manilla, Philippines when he was dropped from a wheelchair while in the process of boarding an ANA aircraft. See Exhibit D, Original Petition at ¶ 1. Plaintiff filed state law claims and claims under the Montreal Convention alleging that Defendants failed to exercise ordinary

care in accommodating its customers on this international flight. *See* Exhibit D, Original Petition at ¶ 9.

3. This case and Plaintiff's claims, if any, are governed by the Convention for the Unification of Certain Rules for International Carriage by Air signed at Montreal on May 28, 1999 (informally known as the "Montreal Convention of 1999"). *See* CONVENTION FOR THE UNIFICATION OF CERTAIN RULES FOR INTERNATIONAL CARRIAGE BY AIR, opened for signature May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 309. Plaintiff has attempted to assert state common law causes of action which are preempted by the Montreal Convention of 1999. The Plaintiff has failed to state a claim upon which relief may be granted and Plaintiff's state common law claims should be dismissed.

4. United was served with Plaintiff's Original Petition on March 5, 2021. *See* Exhibit E, Return of Service for United. ANA was served with Plaintiff's Original Petition on March 3, 2021. *See* Exhibit I, Executed Process for ANA. This case was assigned to the 164th Judicial District Court of Harris County, Texas under Cause No. 2021-11779. *See* Exhibit D, Plaintiff's Original Petition at p. 1.

5. Plaintiff contends he suffered personal injury and monetary damages "exceeding $1,000,000." *See* Exhibit D, Original Petition at ¶ 2.

## II.
### GROUNDS FOR REMOVAL - DIVERSITY

6. In this lawsuit, complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, at the time the Original Petition was filed, and at the time of removal:

- Mr. Dalisay, Plaintiff, was a citizen of the state of Texas (See Exhibit D Original Petition at ¶ 4.0;

- United Airlines, Defendant, was and is a Delaware corporation with its principal place of business in Chicago, Illinois (See Exhibit D Original Petition at ¶ 5.0, Exhibit [G] Certificate of Fact from the Texas Secretary of State and Exhibit [H], Application for Registration of a Foreign For-Profit Corporation).

- All Nippon Airways Co., Ltd., Defendant, was and is a Japanese corporation with its principal place of business in Tokyo, Japan (See Exhibit [J], Certificate of Fact from the Texas Secretary of State and Exhibit [K] Application for Registration of a Foreign For-Profit Corporation).

7. In terms of the amount in controversy, Plaintiff pleads and seeks recovery of damages in excess of $75,000. *See* Exhibit D, Original Petition at ¶ 11.

8. Consequently, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. § 1441(b).

### III.
### GROUNDS FOR REMOVAL – FEDERAL QUESTION

9. This Court has original jurisdiction based on the existence of a federal question under 28 U.S.C. § 1331. Federal district courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

10. The United States is a party to the treaty known as the Montreal Convention of 1999 "which governs the rights and liabilities of passengers and carriers in international transportation." *Bridgeman v. United Cont'l Holdings, Inc.*, 552 F. App'x 294, 296 (5th Cir. 2013).

11. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Herbert v. Am. Airlines, Inc.*, No. CV 16-345, 2016 WL 3517795, at *2 (E.D. La. June 27, 2016); *see Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

12. Plaintiff alleges that Defendants are liable for plaintiff's alleged damages pursuant to the Montreal Convention of 1999. *See* Exhibit D, Original Petition at ¶¶ 8-9.

13. Consequently, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and removal is proper under 28 U.S.C. § 1441(c).

## IV.
### REMOVAL PROCEDURE

14. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days after Defendants received a copy of Plaintiff's Original Petition.

15. ANA and United are jointly filing this Notice of Removal. Accordingly, all Defendants have joined in, and consent to, the removal of this action.

16. Defendants have complied with all applicable removal provisions of 28 U.S.C. § 1441 *et seq.*, the applicable Federal Rules of Civil Procedure, and the Local Rules of this Court.

17. Pursuant to Local Rule 81, United attaches the following:

    a.  **Exhibit A** – Index of Matters Being Filed

    b.  **Exhibit B** – List of All Counsel of Record;

    c.  **Exhibit C** – Certified Docket Sheet;

    d.  **Exhibit D –** Plaintiff's Original Petition;

    e.  **Exhibit E –** Service of Process on United;

    f.  **Exhibit F** – Defendant United Airlines, Inc.'s Original Answer and Jury Demand

    g.  **Exhibit G** – Defendant United Airlines, Inc.'s Certificate of Fact from Texas Secretary of State;

    h.  **Exhibit H** – Defendant United Airlines, Inc.'s Texas Application for Registration of a Foreign For-Profit Corporation.

    i.  **Exhibit I –** Service of Process on All Nippon Airways Co., LTD

    j.  **Exhibit J -** Defendant All Nippon Airways Co., LTD's Certificate of Fact from Texas Secretary of State

    k.    **Exhibit K** – Defendant All Nippon Airways Co., LTD's Texas Application for Registration of a Foreign For-Profit Corporation

18. Defendants have given notice of this removal to Plaintiff and the 164th Judicial District Court of Harris County contemporaneously with the filing of this Notice of Removal and have filed a copy of this Notice of Removal with the Clerk of the 164th Judicial District Court of Harris County, Texas.

**V.**
**CONCLUSION**

WHEREFORE, Defendants All Nippon Airways Co., LTD and United Airlines, Inc. respectfully request that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,
STILWELL LAW FIRM, PLLC


By:  /s/Tom Stilwell

Richard T. Stilwell
*Attorney-in-Charge*
S.D. Tex. Bar No. 18218
State Bar No. 00791737
TOM@TSTILWELL.COM

Amanda R. Pierson
S.D. Tex. Bar No. 2515661
State Bar No. 2408258
AMANDA@TSTILWELL.COM

Stilwell Law Firm, PLLC
3131 Eastside Street Suite 444
Houston, Texas 77098
Telephone: (713) 931-1111
Facsimile:  (713) 931-1211

Service email: E-FILING@TSTILWELL.COM

**ATTORNEYS FOR DEFENDANT**
**UNITED AIRLINES, INC.**

Respectfully submitted,
WRIGHT CLOSE & BARGER, LLP


By:  */s/ Patrick B. McAndrew*

    Howard L. Close
    *Attorney-in-Charge*
    S.D. Tex. Bar No. 04406500
    State Bar No. 04406500
    CLOSE@WRIGHTCLOSEBARGER.COM

    Patrick B. McAndrew
    S.D. Tex. Bar No. 613764
    State Bar No. 24042596
    MCANDREW@WRIGHTCLOSEBARGER.COM

    Wright Close & Barger, LLP
    One Riverway, Suite 2200
    Houston, Texas 77056
    Telephone: (713) 572-4321
    Facsimile:  (713) 572-4320

    -and-

    Kevin R. Sutherland
    (*pro hac vice* application to be submitted)
    kevin.sutherland@clydeco.us
    Benedict E. Idemundia
    (*pro hac vice* application to be submitted)
    benedict.idemundia@clydeco.us

    Clyde & Co US LLP
    355 S. Grand Avenue, Suite 1400
    Los Angeles, California 90071
    Telephone: (213) 358-7600
    Facsimile: (213) 358-7650

**ATTORNEYS FOR DEFENDANT
ALL NIPPON AIRWAYS CO., LTD.**

## CERTIFICATE OF SERVICE

I certify that on the __31st__ day of March 2021, a true and exact copy of the foregoing document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure. The pleading was served using the Court's electronic filing system and was also emailed to counsel for Plaintiff at:

Sean O'Rourke
Simon & O'Rourke Law Firm, P.C.
711 West Bay Area Blvd, Suite 225
Webster, Texas 77598
sorourke@solawpc.com

*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Amanda Pierson*
　　　　　　　　　　　　　　　　　　　　　　　　Amanda Pierson